J-S89041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| STEPHEN MICHAEL ROSA | |
| Appellant | No. 969 EDA 2016 |

Appeal from the PCRA Order March 11, 2016
in the Court of Common Pleas of Northampton County Criminal Division
at No(s):
CP-48-CR-0000496-2014

BEFORE: SHOGAN, MOULTON, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:      **FILED FEBRUARY 24, 2017**

Appellant, Stephen Michael Rosa, appeals from the order entered in the Northampton County Court of Common Pleas dismissing his first Post Conviction Relief Act[1] ("PCRA") petition as untimely. Appellant's counsel has filed a petition to withdraw and a no-merit brief in accordance with *Commonwealth v. Turner*, 544 A.2d 297 (Pa. 1998) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1998) (*en banc*). We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows. On June 4, 2014, Appellant entered a negotiated guilty plea to robbery.[2]

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 3701(a)(1)(iii).

That same day, the court imposed the agreed-upon aggregate term of four to eight years' imprisonment. Appellant did not file post-sentence motions or a direct appeal.

On December 28, 2015, Appellant filed the instant *pro se* PCRA petition wherein he claimed that his trial counsel was ineffective and that his conviction was unconstitutional and a "miscarriage of justice." On January 7, 2016, the PCRA court appointed Alexander J. Karam, Jr., Esq. as Appellant's counsel. Attorney Karam filed a request to withdraw as counsel. A PCRA framing conference was held on February 5, 2016, during which Attorney Karam opined that Appellant's petition was untimely, did not qualify for any exception to the PCRA's time bar, and lacked merit. Four days later, on February 9, 2016, the PCRA court issued a Pa.R.Crim.P. 907 order stating the intention to dismiss Appellant's PCRA petition without a hearing. The court directed Attorney Karam to serve Appellant with a copy of his no-merit letter and a statement advising Appellant of his right to proceed *pro se* or with privately obtained counsel. The next day, February 10, 2016, the PCRA court granted Attorney Karam's request to withdraw.

Thereafter, the PCRA court issued an order on March 3, 2016, dismissing Appellant's PCRA petition. However, that same day, Appellant filed a *pro se* response to the court's Rule 907 notice claiming, *inter alia*, that his trial counsel had improperly "induced" him to plead guilty when the evidence identifying him as the perpetrator of the robbery could have been

challenged at trial.[3]  In response, the PCRA court issued an order on March 11, 2016, vacating the March 3, 2016 order, and acknowledging receipt of Appellant's *pro se* response to the court's Rule 907 notice.  However, in that same order, the PCRA court again dismissed Appellant's petition.

Appellant filed a *pro se* notice of appeal to this Court on March 17, 2016.  In his notice of appeal, Appellant also argued that the PCRA time bar is unconstitutional and constitutes "governmental interference."  He asserted additional claims regarding the discretionary aspects of his sentence and the legality of his sentence based on ***Alleyne v. United States***, 133 S. Ct. 2151 (2013).  Appellant further requested both leave to proceed *pro se* and for the appointment of standby counsel.

On April 5, 2016, the PCRA court appointed Tyree A. Blair, Sr., Esq. ("Counsel").  In a separate order filed on the same date, the PCRA court directed Counsel to file either a Rule 1925(b) statement of errors complained of on appeal or a statement of intent to file a no-merit brief.

_____

[3] We note that the PCRA court properly deemed Appellant's Rule 907 response to be timely.  Order, 3/11/16.  Appellant's response was required to be filed by February 29, 2016.  ***See*** Pa.R.Crim.P 907(1) ("The defendant may respond to the proposed dismissal within [twenty] days of the date of notice").  Although the docket states that Appellant's response was filed on March 17, 2016, the PCRA court aptly highlighted that Appellant's affidavit of service indicated that he had served his response on February 24, 2016.  Accordingly, under to the prisoner mailbox rule, Appellant's response was timely filed.  ***See Commonwealth v. Wilson***, 911 A.2d 942, 944 n.2 (Pa. Super. 2006) (citation omitted) ("Pursuant to the 'prisoner mailbox rule,' a document is deemed filed when placed in the hands of prison authorities for mailing").

On April 26, 2016, Counsel filed a statement of intent to file a *Turner/Finley* brief. The PCRA court did not file a Pa.R.A.P. 1925(a) opinion[4].

Counsel has filed the instant *Turner/Finley* brief and a petition to withdraw. Appellant has not filed a response and the Commonwealth declined to file a brief.

Prior to addressing the issues raised in the *Turner/Finley* brief, we must first examine Counsel's petition to withdraw. *See Commonwealth v. Daniels*, 947 A.2d 795, 797 (Pa. Super. 2008).

> [I]ndependent review of the record by competent counsel is required before withdrawal is permitted. Such independent review requires proof of:
>
> 1) A "no-merit" letter by PCRA counsel detailing the nature and extent of his review;
>
> 2) The "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed;
>
> 3) The PCRA counsel's "explanation", in the "no-merit" letter, of why the petitioner's issues were meritless;
>
> 4) The PCRA court conducting its own independent review of the record; and
>
> 5) The PCRA court agreeing with counsel that the petition was meritless.

---

[4] The PCRA court did issue an amended order, dated April 28, 2016, solely for the purposes of emphasizing that Counsel was to submit a brief pursuant to *Turner/Finley*.

- 4 -

***Commonwealth v. Widgins***, 29 A.3d 816, 817-18 (Pa. Super. 2011) (citations and punctuation omitted). Further, the ***Widgins*** Court explained:

> The Supreme Court [in ***Commonwealth v. Pitts***, 981 A.2d 875 (Pa. 2009),] did not expressly overrule the additional requirement imposed by the [***Commonwealth v. Friend***, 896 A.2d 607 (Pa. Super. 2006),] decision, *i.e.*, that PCRA counsel seeking to withdraw contemporaneously forward to the petitioner a copy of the application to withdraw that includes (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se*, or with the assistance of privately retained counsel.

***Id.*** at 818.

Instantly, Counsel states that after a conscientious review of the record, he could not discern any non-frivolous issues, Appellant's PCRA petition was time barred under 42 Pa.C.S. § 9545(b)(1), and that Appellant's issues lacked merit. Moreover, although Counsel's initial letter to Appellant was defective, Counsel has complied with this Court's order to advise Appellant that he had an immediate right to proceed *pro se* or with private counsel. Accordingly, we conclude that Counsel's petition to withdraw substantially complies with the requirements set forth by the ***Widgins*** Court. ***See id.*** Therefore, we proceed to a review of Appellant's substantive issues.

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported

by the evidence of record and free of legal error." ***Commonwealth v. Wilson***, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*) (citation omitted).

As a prefatory matter, we must examine whether Appellant has satisfied the jurisdictional threshold of pleading and proving his PCRA petition was timely. ***See Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999). A PCRA petition "must normally be filed within one year of the date the judgment becomes final . . . unless one of the exceptions in § 9545(b)(1)(i)-(iii) applies and the petition is filed within 60 days of the date the claim could have been presented." ***Commonwealth v. Copenhefer***, 941 A.2d 646, 648 (Pa. 2007) (some citations and footnote omitted).

The PCRA enumerates three exceptions to this time limitation:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Exceptions to the time restrictions of the PCRA must be pled in the petition, and may not be raised for the first time on appeal. ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super.

2007); *see also* Pa.R.A.P. 302(a) ("Issues not raised before the lower court are waived and cannot be raised for the first time on appeal.").

Instantly, Appellant's June 4, 2015 judgment of sentence became final no later than Tuesday, July 7, 2015,[5] when Appellant did not file a post-sentence motion and the period for taking a direct appeal lapsed. *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a), (c)(3); *see also* 1 Pa.C.S. § 1908. Thus, the time for filing a facially timely PCRA petition ended on July 7, 2016, and his current petition, which was filed more than five months later on December 28, 2016, was untimely. Appellant failed to plead any exceptions to the time restrictions of the PCRA within his petition or in response to the PCRA court's Rule 907 notice. Therefore, any issues he may have raised regarding such exceptions are deemed waived as they cannot be raised for the first time on appeal. *See Burton*, 936 A.2d at 525; *see also* Pa.R.A.P. 302(a).[6]

_____

[5] Out of an abundance of caution, we have calculated the running of the one-year time bar to exclude Monday, July 6, 2015, due to the July 4th holiday.

[6] We note that Appellant attempted to assert a governmental interference/constitutionality claim in his notice of appeal. Even if Appellant had properly raised this issue in the PCRA court, the claim would have failed. The PCRA time limitations and timeliness exceptions have been deemed constitutional. *Commonwealth v. Peterkin*, 722 A.2d 638, 643 (Pa. 1998).

To the extent Appellant asserts an *Alleyne* claim, relief pursuant to *Alleyne* is only available on direct appeal or in a timely filed PCRA petition. *Commonwealth v. Ruiz*, 131 A.3d 54, 60 (Pa. Super. 2015). Therefore,

Accordingly, the PCRA court lacked jurisdiction to decide the merits of Appellant's untimely petition. **See Copenhefer**, 941 A.2d at 648; **Fahy**, 737 A.2d at 223. Thus, we agree with Counsel's assessment that no relief is due, grant Counsel's petition to withdraw, and affirm the PCRA court's order dismissing Appellant's PCRA petition.

Order affirmed. Petition to withdraw granted.

Judge Moulton joins the memorandum. Judge Shogan concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/24/2017

---

Appellant was not eligible for relief under **Alleyne** because his PCRA petition was untimely.